UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT

SUFFOLK, ss.                                CIVIL ACTION NO:

```
ELISE KROLL,                    )
     Plaintiff                  )
                                )
                                )
Vs.                             )
                                )
HELLENIC COLLEGE, INC.,         )
CHARLES A. KROLL and            )
GEORGE GEORGENES,               )
     Defendants                 )
                                )
```

FILED
IN CLERKS OFFICE
2015 SEP 25 PM 12 16
U.S. DISTRICT COURT
DISTRICT OF MASS.

## COMPLAINT AND DEMAND FOR JURY TRIAL

### PARTIES

1. The Plaintiff Elise Kroll, is a natural person over the age of eighteen (18) years who resides at 17 West 710 Butterfield Road, Unit 316, Oak Brook Terrace, IL.

2. The Defendant Hellenic College, Inc., is a Massachusetts corporation with a principle place of business located at 40 Goddard Avenue, Brookline, Norfolk County, Commonwealth of Massachusetts. The Very Rev. Christopher T. Metropulos serves as President of Hellenic College, Inc.

3. The Defendant George Georgenes, is a natural person over the age of eighteen (18) years who resides at Maynard, MA. At all relevant times, George Georgenes served as Director of Financial Aid for Hellenic College, Inc.

4. The Defendant Charles A. Kroll, is a natural person over the age of eighteen (18) years who resides in Vineyard Haven, Dukes County, Commonwealth of Massachusetts. At all relevant times, Charles A. Kroll served as Chief Financial Officer for Hellenic College, Inc.

**JURISDICTION**

5. The jurisdiction of this Court to hear and decide the instant case is found at 28 U.S.C. § 232 (Diversity of Citizenship); additionally, claims for relief under 18 U.S.C. §1030(g), 5 U.S.C. §552a, 18 U.S.C. §2511(2)(d), and 18 U.S.C. §2701 are asserted, as are pendent state court claims.

**FACTS**

6. At all material times, Plaintiff Elise Kroll was a student enrolled at Marquette University, Milwaukee, Wisconsin.

7. On or about February, 2011, Ms. Kroll filed a so-called Free Application for Federal Student Aid (FAFSA) form in an effort to obtain financing for her college education.

8. Ms. Kroll's FAFSA form was entered with the National Student Loan Data System (NSLDS). NSLDS is a United States Government computer system owned and administered by the United States Department of Education. Unauthorized use of the NSLDS is prohibited by 18 U.S.C. §1030(a)(2).

9. On or about May, 2010, Elise Kroll's father, the Defendant Charles A. Kroll, filed a Complaint for Divorce in the Bristol County Probate and Family Court, see Docket No. 10D1095-DR.

10. The Kroll divorce was bitterly contested. Charles A. Kroll engaged in an effort to suppress and disguise his income and assets in order to achieve a financial settlement more favorable to him from the Probate Court.

11. As part of his effort to suppress and disguise his income and assets, Charles A. Kroll asked the Defendant George Georgenes, then serving as Director of Financial Aid for Hellenic College, to invade the NSLDS and to obtain and distribute to him Elise Kroll's FAFSA application. George Georgenes agreed to do so and in fact, and without authority, accessed Elise Kroll's FAFSA information and distributed the same to Charles A. Kroll.

12. As a result of the foregoing, Elise Kroll has been injured, her privacy has been violated, and she has endured great pain and suffering.

## COUNT I
### (Computer Fraud and Abuse Act)
### (Elise Kroll v. Charles A. Kroll & George Georgenes)

13. The Plaintiff reasserts and realleges Paragraphs 1 - 12 as though the same were fully set forth hereat.

14. Sometime during the Fall of 2011, George Georgenes accessed the NSLDS without authorization, and obtained information from a protected computer regarding the Plaintiff Elise Kroll.

15. At no time did Elise Kroll ever authorize George Georgenes, or Charles A. Kroll, to access her FAFSA information.

16. The Defendant George Georgenes, obtained and distributed protected information regarding Elise Kroll to the Defendant Charles A. Kroll without her consent.

17. The acts and omissions of the Defendants George Georgenes and Charles A. Kroll, violated 18 U.S.C. § 1030(g).

## COUNT II
### (Privacy Act of 1974)
### (Elise Kroll v. Charles A. Kroll & George Georgenes)

18. The Plaintiff reasserts and realleges Paragraphs 1 - 17 as though the same were fully set forth hereat.

19. On or about Fall, 2011, the Defendant, George Georgenes, accessed the National Student Loan Data System.

20. When George Georgenes logged into the NSLDS, he was reminded as follows:

> "This system contains personal information protected by the Privacy Act of 1974 (as amended). If you use this computer system, you are explicitly consenting to be bound by the Act's requirements and acknowledge the

      possible criminal and civil penalties for violation of the Act...By clicking here, you personally confirm that you are currently an authorized user of NSLDS and that you adhere to the Privacy Act."

21. 5 U.S.C. §552a(b) states: Conditions of disclosure. No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains.

22. The acts and omissions of the Defendants George Georgenes and Kroll, violated 18 U.S.C. §1030(g).

## COUNT III
### (Wiretap Statute Violation)
### (Elise Kroll v. Charles A. Kroll & George Georgenes)

23. The Plaintiff reasserts and realleges Paragraphs 1 – 22 as though the same were fully set forth hereat.

24. 18 U.S.C. §2511(1)and(2)(d) make it unlawful to intentionally intercept electronic communication "for the purpose of committing any criminal or tortious act in violation of the Constitution of laws of the United States or of any State".

25. When Elise Kroll entered her FAFSA into the NSLDS she made an act of electronic communication.

26. When the Defendant, George Georgenes, at the request of Charles A. Kroll, accessed the NSLDS to illegally obtain Elise Kroll's personal information, he committed an intentional interception of an electronic communication.

27. The acts and omissions of the Defendants George Georgenes and Charles A. Kroll, violated 18 U.S.C. §2520.

## COUNT IV
### (Unlawful Access to Stored Electronic Communications)
### (Elise Kroll v. Charles A. Kroll & George Georgenes)

28. The Plaintiff reasserts and realleges Paragraphs 1 - 27 as though the same were fully set forth hereat.

29. The Defendants' acts and omissions violated 18 U.S.C. §2701.

## COUNT V
### (Wiretap Statute Violation - State Claim)
### (Elise Kroll v. Charles A. Kroll & George Georgenes)

30. The Plaintiff reasserts and realleges Paragraphs 1 - 29 as though the same were fully set forth hereat.

31. The Defendants' acts and omissions violated M.G.L.c.272§99(Q).

## COUNT VI
### (Massachusetts Privacy Act)
### (Elise Kroll v. Charles A. Kroll & George Georgenes)

32. The Plaintiff reasserts and realleges Paragraphs 1 - 31 as though the same were fully set forth hereat.

33. The Defendants acts and omissions violated M.G.L.c.214§1B, which provides in pertinent part "a person shall have a right against unreasonable, substantial or serious interference with his privacy".

## COUNT VII
### (Invasion of Privacy)
### (Elise Kroll v. Charles A. Kroll & George Georgenes)

34. The Plaintiff reasserts and realleges Paragraphs 1 - 33 as though the same were fully set forth hereat.

35. The publication by the Defendant Georgenes of Plaintiff's protected computer information to the Defendant Charles A. Kroll was an invasion of the Plaintiff's right to be left alone and to be protected from a wrongful intrusion into her life. As a result, the Plaintiff Elise Kroll was damaged.

## COUNT VIII
### (Civil Conspiracy)
### (Elise Kroll v. Charles A. Kroll & George Georgenes)

36. The Plaintiff reasserts and realleges Paragraphs 1 - 35 as though the same were fully set forth hereat.

37. The Defendants George Georgenes and Charles A. Kroll combined and conspired with one another to invade the Plaintiff's right to privacy.

## COUNT IX
### (Negligent Supervision)
### (Elise Kroll v. Hellenic College, Inc.)

38. The Plaintiff reasserts and realleges Paragraphs 1 - 37 as though the same were fully set forth hereat.

39. Hellenic College, Inc. provided equipment, including computers, to its employees George Georgenes and Charles A. Kroll, to use during the course of their employment.

    Hellenic College, Inc. failed to train and supervise its employees, George Georgenes and Charles A. Kroll in the proper use of said equipment and, in particular, failed to take steps to ensure that its employees did not use office equipment, including computers, for improper and/or illegal purposes.

40. As a result of its failures to train and supervise its employees, the Plaintiff was injured.


WHEREFORE, the Plaintiff, Elise A. Kroll, demands judgment against the Defendants, Hellenic College, Inc., George Georgenes, and Charles A. Kroll, and requests her damages be assessed, and trebled, and that she be awarded her reasonable attorney's fees, interest and costs.

Respectfully submitted,
Elise Kroll
By her attorney,


_____
James P. Duggan
50 Congress Street
Suite 525
Boston, MA   02109
617-523-7222
BBO# 137500


_____
Richard Heavey
Law Offices of
Richard Heavey, Esq., LLC
P.O. Box 147
50 North Street
Medfield, MA 02052
508-359-1700
BBO# 228260


Dated:   September 22, 2015


**THE PLAINTIFF DEMANDS TRIAL BY JURY**